JUDGE CAPRONI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIP JEAN-LAURENT,

Plaintiff,

-against-

T.P.O. JASON NUNEZ #21511; T.P.O. JOHN DOE #1;
JOHN DOE #2; T.P.O. JOHN DOE #3; NEW YORK CITY
POLICE DEPARTMENT; THE CITY OF NEW YORK,

Defendants.

---

# 18 CV 9921

**COMPLAINT**
**under the**
**CIVIL RIGHTS ACT**
**of 1871**
**42 U.S.C. § 1983**

**JURY TRIAL DEMANDED**

## I. *Introduction*

1. Plaintiff Phillip Jean-Laurent brings this civil rights action against individual police officers, the City of New York Police Department, Transit Division and the City of New York to redress the violation of rights guaranteed in the Bill of Rights by the Amendments to the United States Constitution.

## II. *Complaint*

2. This is a complaint pursuant to the Civil Rights Act of 1871 as codified in title 42 of the United States Code, Section 1983, to redress violations of rights, privileges and immunities secured by the Amendments to the United States Constitution and federal and state laws.

## III. *Jurisdiction*

3. The United States District Court has jurisdiction to hear federal questions arising from the Amendments to the United States Constitution by Article III, § 1 of the United States Constitution, title 28 of the United States Code, §§ 1331 and 1343, as well as title 42 of the United States Code, § 1983.

1

4. The venue where the complaint may be heard alleging federal claims arising in the County of New York, State of New York, is vested in the United States District Court for the Southern District of New York, pursuant to title 28 of the United States Court, §§ 112(b) and 1391.

5. The federal district court may also exercise its supplemental jurisdiction over state law claims pursuant title 28 of the United States Code, § 1367.

## IV. *Parties*

6. Plaintiff, Phillip Jean-Laurent, is a citizen of the United States, and at all relevant time herein was a resident of the State of New York in the County of Queens.

7. The City of New York was at all relevant times herein a municipal corporation formed under the Constitution and laws of the State of New York. At all relevant time herein the City of New York, through the Mayor of the City of New York, were responsible for duly hiring, promoting and appointing members of the City of New York Police Department, and the supervision, training, instruction, discipline, control and conduct of the City of New York Police Department and its personnel. At all relevant times herein the Municipality had the legal power, right and duty to control the manner in which the individual defendants police officers carried out the objectives of their employment and the see that all orders, rules, instructions and regulations promulgated for the City of New York Police Department were consistent with the Federal and State Constitutions and laws. This action is being brought against the Municipality in its official capacity.

8. Defendant, James P. O'Neill, was at all relevant time herein duly appointed by the Mayor of the City of New York, as Commissioner of the City of New York Police Department, charged with then overall responsibility of employing, supervising, training, instructing,

2

disciplining, controlling and conducting members of the City of New York Police Department, including, but not limited to promulgating, implementing and enforcing policies for carrying out the objectives of the Police Department. This action is being brought against the Commissioner in his official capacity.

9. Defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 were at all relevant times herein employed by the City of New York Police Department, Transit Division; and at all relevant times herein acted under the color and pretense of laws, statutes, regulations, ordinances, policies, customs and usages. This action is being brought against them in their individual and official capacities.

## V. *Statement of Facts*

10. On January 14, 2017, at approximately 11:30 pm, plaintiff was awaiting a Queens bound E train on the eastern platform of the 23rd Street/8th Avenue subway station.

11. A Manhattan bound C train arrived into the station from which 4 uniformed police officers alighted and accosted the plaintiff while holding their holstered firearm.

12. The defendant police officers detained plaintiff, they demanded an explanation into plaintiff's travel and directed plaintiff to relinquish a pocket clipped object they observed hanging from his pocket.

13. Plaintiff complied and relinquished the object to defendant Nunez who inspected it, determined it was a utility knife, then returned it to plaintiff.

14. Defendant police officers further detained plaintiff demanding he relinquish his identification card for investigation, restricting plaintiff freedom of movement. Plaintiff complied and relinquished his identification card.

3

15. Plaintiff also returned the utility knife back to defendant Nunez insisting he hold it until he was free to leave.

16. Defendant police officers ultimately arrested plaintiff for protesting the racial profiling seizure, detention and restrictions of his person and was taken to a transit police station and jailed for approximately 24 hours until a criminal court arraignment.

17. The defendant police officers charged plaintiff in a criminal complaint of an unlawful possession of marijuana, Penal Law § 221.05 allegedly recovered from plaintiff.

18. Plaintiff was released on his own recognizance under legal mandate to make further court appearances scheduled by the court until a final disposition of the criminal action.

19. On July 28, 2017, the criminal action was ultimately dismissed, terminating the criminal proceedings in the plaintiff's favor.

## VI. _Causes of Action_

### _FEDERAL CONSTITUTIONAL CLAIMS_
#### _UNLAWFUL SEIZURE AND DETENTION_
#### _Count I_

20. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 unlawful seizure and detention of plaintiff on the basis of race and color without reasonable suspicion or probable cause violated the rights of plaintiff secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

4

### *Count II*

21. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 knowingly, willfully and maliciously seized and detained plaintiff on the basis of race and color, without reasonable suspicion or probable cause, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

### *FALSE ARREST CLAIMS*

### *Count III*

22. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 effected an unlawful arrest of plaintiff without probable cause, in violation of rights secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

### *Count IV*

23. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 knowingly and willfully effected an unlawful arrest of plaintiff without probable cause, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

## FALSE IMPRISONMENT CLAIMS

### Count V

24. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 unlawfully imprisoned plaintiff without probable cause for his arrest, in violation of rights secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

### Count VI

25. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 knowingly and willfully imprisoned plaintiff without probable cause for his arrest, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

## MALICIOUS PROSECUTION CLAIMS

### Count VII

26. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 maliciously instituted a criminal action against the plaintiff without probable cause, in violation of rights secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

6

### Count VIII

27. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 knowingly and willfully instituted a criminal action against plaintiff maliciously and without probable cause, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

### STATE LAW CLAIMS

### Count IX

28. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 effected an unlawful arrest of plaintiff without probable cause, in violation of rights secured to him by the Article 1, §§ 8 and 12 of the New York State Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

### Count X

29. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 knowingly and willfully effected an unlawful arrest of plaintiff without probable cause, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

7

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS

### Count XI

30. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3, by their extreme and outrageous conduct intentionally cause Jean-Laurent to suffer extreme emotional distress, for which they are jointly and severally liable to him for compensatory damages.

### Count XII

31. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, John Doe #1, John Doe #2 and John Doe #3 knowingly and willfully, and with malicious aforethought, cause Jean-Laurent to suffer severe emotional distress they inflicted upon him by their extreme and outrageous conduct, for he is entitled to an award of exemplary damages against them individually.

## V. Relief

32. Plaintiff seeks compensatory damages against the defendants jointly and severally as may be determined.

33. Plaintiff seeks exemplary damages against each of the defendants individually.

## VI. Previous Lawsuits

34. No previous lawsuits have been filed in any state or federal court regarding the facts involved herein.

35. Notice of Claim has been served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e, Claim No.

Signed on this 26th day of October, 2018. I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements made herein are true and correct.

Respectfully Submitted,

_____

Phillip Jean-Laurent
Plaintiff, Pro Se
P.O. Box 200016
South Ozone Park, N.Y. 114