RECEIVED
SDNY PRO SE OFFICE
2019 APR 26  PM 4: 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIP JEAN-LAURENT,

                Plaintiff,

    -against-

T.P.O. JASON NUNEZ #21511; T.P.O. STEVEN
PARKER #21521; T.P.O. JARRETT AIKEN #17303;
T.P.O. MICHAEL ESPOSITO #17806; SGT. JAMIE
FELICIANO #4712,

                Defendants.

**AMENDED COMPLAINT**

18 Civ. 9921

---

## I. *Introduction*

1. Plaintiff Phillip Jean-Laurent brings this civil rights action against individual police officers, the City of New York Police Department, Transit Division and the City of New York to redress the violation of rights guaranteed in the Bill of Rights by the Amendments to the United States Constitution.

## II. *Complaint*

2. This is a complaint pursuant to the Civil Rights Act of 1871 as codified in title 42 of the United States Code, Section 1983, to redress violations of rights, privileges and immunities secured by the Amendments to the United States Constitution and federal and state laws.

## III. *Jurisdiction*

3. The United States District Court has jurisdiction to hear federal questions arising from the Amendments to the United States Constitution by Article III, § 1 of the United States Constitution, title 28 of the United States Code, §§ 1331 and 1343, as well as title 42 of the United States Code, § 1983.

out:blank        4/26/20

4. The venue where the complaint may be heard alleging federal claims arising in the County of New York, State of New York, is vested in the United States District Court for the Southern District of New York, pursuant to title 28 of the United States Court, §§ 112(b) and 1391.

5. The federal district court may also exercise its supplemental jurisdiction over state law claims pursuant title 28 of the United States Code, § 1367.

## IV. *Parties*

6. Plaintiff, Phillip Jean-Laurent, is a citizen of the United States, and at all relevant time herein was a resident of the State of New York in the County of Queens.

7. The City of New York was at all relevant times herein a municipal corporation formed under the Constitution and laws of the State of New York. At all relevant time herein the City of New York, through the Mayor of the City of New York, were responsible for duly hiring, promoting and appointing members of the City of New York Police Department, and the supervision, training, instruction, discipline, control and conduct of the City of New York Police Department and its personnel. At all relevant times herein the Municipality had the legal power, right and duty to control the manner in which the individual defendant transit police officers carried out the objectives of their employment and the see that all policies, orders, rules, instructions and regulations promulgated for the City of New York Police Department were consistent with the Federal and State Constitutions and laws. This action is being brought against the City of New York in its Municipality capacity.

8. Defendants, Transit Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito were at all relevant times herein employed by the City of New York Police Department, Transit Division as transit police officers; and at all relevant times herein acted

2

under the color and pretense of laws, statutes, regulations, ordinances, policies, customs and usages. This action is being brought against them in their individual and official capacities.

9. Defendant, Sergeant Jamie Esposito, was at all relevant times herein employed by the City of New York Police Department, Transit Division as a transit police sergeant; and at all relevant times herein acted under the color of law, statutes regulations, ordinances policies, custom and usages. This action is being brought against him in his individual capacity and official capacities.

## V. *Statement of Facts*

10. On January 14, 2017, at approximately 11:30 pm, plaintiff was awaiting a Queens bound E train on the eastern platform of the 23rd Street/8th Avenue subway station.

11. A Manhattan bound C train arrived into the station from which 4 uniformed police officers alighted and accosted the plaintiff while holding their holstered firearm.

12. The defendant police officers detained plaintiff, and they demanded an explanation into plaintiff's travel and directed plaintiff to relinquish a pocket clipped object they observed clipped on his pocket.

13. Plaintiff complied and relinquished the object to defendant Nunez who inspected it, determined it was a utility knife, then returned it to plaintiff.

14. Defendant police officers further detained plaintiff demanding he relinquish his identification card for investigation, restricting plaintiff freedom of movement. Plaintiff complied and relinquished his identification card.

15. Plaintiff also returned the utility knife back to defendant Nunez insisting he hold it until he was free to leave.

16. Defendant police officers ultimately arrested plaintiff for protesting the racial profiling seizure, detention and restrictions of his person and was taken to a transit police station and jailed for approximately 24 hours until a criminal court arraignment.

17. The defendant police officer Nunez ultimately charged plaintiff in a complaint for unlawful possession of marijuana under Penal Law § 221.05 that was authorized by defendant Sgt. Feliciano.

18. Plaintiff was released on his own recognizance under legal mandate to make further court appearances scheduled by the court until a final disposition of the criminal action.

19. On July 28, 2017, the criminal action was ultimately dismissed, terminating the criminal proceedings in the plaintiff's favor.

## VI. *Causes of Action*

### *FEDERAL CONSTITUTIONAL CLAIMS*
#### *UNLAWFUL SEARCH, SEIZURE AND DETENTION*
##### *Count I*

20. By reference to the allegations set forth herein, defendants, Transit Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito unlawful search, seizure and detention of plaintiff on the basis of race and color without reasonable suspicion or probable cause violated the rights of plaintiff secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

4

### *Count II*

21. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the illegal search, seizure and detention of plaintiff without reasonable suspicion or probable cause in violation of rights secure to plaintiff by First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### *Count III*

22. By reference to the allegations set forth herein, defendants, Transit Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito knowingly, willfully and wrongfully searched, seized and detained plaintiff on the basis of race and color, without reasonable suspicion or probable cause, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

### *Count IV*

23. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano knowingly, willfully and wrongfully authorized the search, seizure and detention of plaintiff without reasonable suspicion or probable, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to exemplary damages against the sergeant.

### ***FALSE ARREST CLAIMS***

### ***Count V***

24. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito effected an unlawful arrest of plaintiff without probable cause, in violation of rights secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

### ***Count VI***

25. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the subordinate defendant police officers unlawful arrest of plaintiff without probable cause, in violation of rights secure to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### ***Count VII***

26. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito knowingly, willfully and wrongfully effected an unlawful arrest of plaintiff without probable cause, and with wanton indifference to and deliberate disregards for the rights secured to plaintiff by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

### *Count VIII*

27. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano knowingly, willfully and wrongfully authorized the unlawful arrest of plaintiff without probable cause, with wanton indifference to and deliberate disregards for the right secured to plaintiff by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against the sergeant.

### *FALSE IMPRISONMENT CLAIMS*
### *Count IX*

28. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito unlawfully imprisoned plaintiff without probable cause for his arrest, in violation of rights secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

### *Count X*

29. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the unlawful imprisonment of plaintiff without probable cause, in violation of rights secure to plaintiff by the First, Fourth, Fifth and Fourteenth Amendment to the United State Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### *Count XI*

30. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito knowingly, willfully and wrongfully imprisoned plaintiff without probable cause for his arrest, and with wanton indifference to and

7

deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

### Count XII

31. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano knowingly, willfully and wrongfully authorized the imprisonment of plaintiff without probable cause for his arrest, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against the sergeant.

### MALICIOUS PROSECUTION CLAIMS
### Count XIII

32. By reference to the allegations set forth herein, defendant, Police Officer Jason Nunez maliciously instituted a criminal action against plaintiff without probable cause which terminated in the favor of the plaintiff , in violation of rights secured to him by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which he is liable to plaintiff for compensatory damages.

### Count XIV

33. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the defendant Police Officer Jason Nunez to malicious institute criminal proceedings against plaintiff without probable cause, which terminated in the favor of the plaintiff, in violation of rights secured to plaintiff by the First, Fourth, Fifth and Fourteenth

8

Amendment to the United States Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### Count XV

34. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, knowingly, willfully and maliciously instituted a criminal action against plaintiff without probable cause, which terminated in the favor of the plaintiff, with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against him.

### Count XVI

35. By reference to the allegations set forth herein, defendants, Police Sergeant Jamie Feliciano knowingly, willfully and maliciously authorized Police Officer Jason Nunez to instituted criminal proceedings against plaintiff without probable cause, which terminated in the favor of the plaintiff, with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against the sergeant.

### EVIDENCE FEBRICATION CLAIMS
### Count XVII

36. By reference to the allegations set forth herein, defendant, Police Officer Jason Nunez maliciously instituted a criminal action against plaintiff without probable cause which terminated in the favor of the plaintiff , in violation of rights secured to him by the First, Fourth, Fifth and

Fourteenth Amendment to the United States Constitution, for which he is liable to plaintiff for compensatory damages.

### Count XVIII

37. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the defendant Police Officer Jason Nunez to malicious institute criminal proceedings against plaintiff without probable cause, which terminated in the favor of the plaintiff, in violation of rights secured to plaintiff by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### Count XIX

38. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, knowingly, willfully and maliciously instituted a criminal action against plaintiff without probable cause, which terminated in the favor of the plaintiff, with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against him.

### Count XX

39. By reference to the allegations set forth herein, defendants, Police Sergeant Jamie Feliciano knowingly, willfully and maliciously authorized Police Officer Jason Nunez to instituted criminal proceedings against plaintiff without probable cause, which terminated in the favor of the plaintiff, with wanton indifference to and deliberate disregards for the rights of plaintiff

secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution,

for which plaintiff is entitled to an award of exemplary damages against the sergeant.

### *STATE LAW CLAIMS*

### *UNLAWFUL SEARCH, SEIZURE AND DETENTION CLAIMS*

### *Count XXI*

40. By reference to the allegations set forth herein, defendants, Transit Police Officers

Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito unlawful search, seizure and

detention of plaintiff on the basis of race and color without reasonable suspicion or probable

cause violated the rights of plaintiff secured to him in Article 1, §§ 8, 11 and 12 of the New York

State Constitution, for which they are jointly and severally liable to plaintiff for compensatory

damages.

### *Count XXII*

41. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie

Feliciano authorized the illegal seizure and detention of plaintiff without reasonable suspicion or

probable cause in violation of rights secure to plaintiff in Article 1, §§ 8, 11 and 12 of the New

York State Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### *Count XXIII*

42. By reference to the allegations set forth herein, defendants, Transit Police Officers

Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito knowingly, willfully and

wrongfully seized and detained plaintiff on the basis of race and color, without reasonable

suspicion or probable cause, and with wanton indifference to and deliberate disregards for the

rights of plaintiff secured in Article 1, §§ 8, 11 and 12 of the New York State Constitution for which

plaintiff is entitled to an award of exemplary damages against them individually.

### *Count XXIV*

43. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano knowingly, willfully and wrongfully authorized the seizure and detention of plaintiff without reasonable suspicion or probable, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured in Article 1, §§ 8 and 12 of the New York State Constitution, for which plaintiff is entitled to exemplary damages against the sergeant.

### *FALSE ARREST CLAIMS*

### *Count XXV*

44. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito effected an unlawful arrest of plaintiff without probable cause, in violation of rights secured to him in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

### *Count XXVI*

45. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the subordinate defendant police officers unlawful arrest of plaintiff without probable cause, in violation of rights secure to him in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### *Count XXVII*

46. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito knowingly, willfully and wrongfully effected an unlawful arrest of plaintiff without probable cause, and with wanton indifference to

out:blank                                                                                           4/26/20

and deliberate disregards for the rights secured to plaintiff in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

### *Count XXVIII*

47. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano knowingly, willfully and wrongfully authorized the unlawful arrest of plaintiff without probable cause, with wanton indifference to and deliberate disregards for the right secured to plaintiff in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which plaintiff is entitled to an award of exemplary damages against the sergeant.

### *FALSE IMPRISONMENT CLAIMS*
### *Count XXIX*

48. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito unlawfully imprisoned plaintiff without probable cause for his arrest, in violation of rights secured to in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages.

### *Count XXX*

49. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the unlawful imprisonment of plaintiff without probable cause, in violation of rights secure to plaintiff in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

out:blank

4/26/20

### *Count XXXI*

50. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito knowingly, willfully and wrongfully imprisoned plaintiff without probable cause for his arrest, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which plaintiff is entitled to an award of exemplary damages against them individually.

### *Count XXXII*

51. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano knowingly, willfully and wrongfully authorized the imprisonment of plaintiff without probable cause for his arrest, and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against the sergeant.

### *MALICIOUS PROSECUTION CLAIMS*
### *Count XXXIII*

52. By reference to the allegations set forth herein, defendant, Police Officer Jason Nunez maliciously instituted a criminal action against plaintiff without probable cause which terminated in the favor of the plaintiff , in violation of rights secured to him in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which he is liable to plaintiff for compensatory damages.

out:blank
4/26/20

### *Count XXXIV*

53. By reference to the allegations set forth herein, defendant, Police Sergeant Jamie Feliciano authorized the defendant Police Officer Jason Nunez to malicious institute criminal proceedings against plaintiff without probable cause, which terminated in the favor of the plaintiff, in violation of rights secured to plaintiff in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which the sergeant is liable to plaintiff for compensatory damages.

### *Count XXXV*

54. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, knowingly, willfully and maliciously instituted a criminal action against plaintiff without probable cause, which terminated in the favor of the plaintiff, with wanton indifference to and deliberate disregards for the rights of plaintiff secured in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which plaintiff is entitled to an award of exemplary damages against him.

### *Count XXXVI*

55. By reference to the allegations set forth herein, defendants, Police Sergeant Jamie Feliciano knowingly, willfully and maliciously authorized Police Officer Jason Nunez to instituted criminal proceedings against plaintiff without probable cause, which terminated in the favor of the plaintiff, with wanton indifference to and deliberate disregards for the rights of plaintiff secured in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which plaintiff is entitled to an award of exemplary damages against the sergeant.

### ASSAULT AND BATTERY CLAIMS

#### Count XXXVII

56. By reference to the allegations set forth herein, defendants, Police Officers Jason Nunez, Steven Parker, Jarrett Aiken, and Michael Esposito subjected plaintiff to offensive bodily contact to which he did not consent to in violation of rights secured to him in Article 1, §§ 8, 11 and 12 of the New York State Constitution, in Article 1, §§ 8, 11 and 12 of the New York State Constitution, for which the defendants are liable to plaintiff for compensatory damages.

### RESPONDEAT SUPERIOR CLAIMS

#### Count XXXVIII

57. By reference to the allegations set forth herein, the City of New York is vicariously liable to plaintiff for the tortious acts of the defendant police officers while acting within the scope of their employment and in the discharge of their duties.

### V. Relief

58. Plaintiff seeks compensatory damages against the defendants jointly and severally under federal and state law as may be determined.

59. Plaintiff seeks exemplary or punitive damages against each of the defendants individually under federal and state law as may be determined.

### VI. Previous Lawsuits

60. No previous lawsuits have been filed in any state or federal court regarding the facts involved herein.

61. Notice of Claim has been served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e, Claim No.

Signed on this 26th day of April, 2019. I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements made herein are true and correct.

Respectfully Submitted,

Phillip Jean-Laurent
Plaintiff, Pro Se
P.O. Box 200016
South Ozone Park, N.Y. 114

out:blank                                                                                          4/26/20