USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _09/30/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP JEAN-LAURENT,

                         Plaintiff,

              -against-

CITY OF NEW YORK, et al.,

                         Defendants.

18-CV-9921  (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

 *Pro se* Plaintiff Phillip Jean-Laurent brought this action seeking money damages pursuant to 42 U.S.C. § 1983 against the City of New York, the New York City Police Department (NYPD), and various NYPD officers, including the Commissioner.  Dkt. 1.  On November 28, 2018, this Court dismissed the claims against the individual Defendants in their official capacities, including the Commissioner, as well as the claims against the NYPD.  Dkt. 8.  On November 29, 2018, this Court referred the case to Magistrate Judge Wang for general pretrial proceedings and for the preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C. § 636(b).  Dkt. 9.  On April 26, 2019, Plaintiff filed an Amended Complaint.  Dkt. 28.  On October 4, 2019, Defendants moved to dismiss.  Dkt. 42.  On September 14, 2020, Magistrate Judge Wang delivered a report and recommendation (R&R), recommending that Defendants' Motion to Dismiss be granted.  R&R, Dkt. 58.

 In the R&R, Magistrate Judge Wang gave notice that under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties have 14 days to file written objections to the R&R's findings and that failure to file objections would result in both the waiver of objections and the preclusion of appellate review.  R&R, Dkt. 58 at 22, 23 (using bold and capital letters).  On September 15,

2020, the parties received the R&R via email.  No objections have been filed.  For the following reasons, the Court ADOPTS the R&R, and the case is DISMISSED.

## BACKGROUND

Plaintiff alleges that on the night of January 14, 2017, while on a Manhattan subway platform, four NYPD officers demanded Plaintiff surrender an object clipped to his pocket, which was determined to be a utility knife.  Amended Compl., Dkt. 28 ¶¶ 12–13.  One of the NYPD officers also took one bag containing marijuana from Plaintiff's right front pants pocket.  Criminal Compl., Dkt. 50 at 4.  In his Amended Complaint, Plaintiff alleged four federal claims, including unlawful search, seizure, and detention, false arrest and false imprisonment, malicious prosecution, and fabrication of evidence.  Amended Compl., Dkt. 28 ¶¶ 20–39.  He also alleged a number of state claims.  *Id.* at ¶¶ 40–57.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "Where no timely objection has been made by either party," or where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation."  *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks and brackets omitted).

Because no objections were made, the Court reviews the R&R for clear error.  Magistrate Judge Wang applied the correct legal standard at the motion to dismiss stage, including construing the complaint liberally as is required for *pro se* plaintiffs.  R&R, Dkt. 58 at 5–6.  The Plaintiff did not allege any facts to demonstrate that his constitutional rights were deprived as a result of an official municipal policy.  Amended Compl., Dkt. 28, ¶¶ 7, 16, 22.  As such, Magistrate Judge Wang was right to recommend dismissing the Plaintiff's claims against the City of New York under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

Plaintiff admits to carrying a knife on a subway platform, Amended Compl., Dkt. 28 ¶¶ 13, 15, which contravenes New York law prohibiting the carrying of dangerous instruments in MTA facilities.  R&R, Dkt. 58 at 9–10.  The NYPD officers observed the knife clip on his pants, constituting reasonable suspicion under *Terry v. Ohio*, 392 U.S. 1, 22 (1968), and, once they confirmed it was a knife, the officers had probable cause for an arrest.  This fact alone justifies dismissal of Plaintiff's federal claims for unlawful stop, false arrest and false imprisonment, and malicious prosecution.  With respect to Plaintiff's evidence fabrication claim, Plaintiff does not specify what evidence was fabricated nor does he plead any facts to support the claim.  As such, Magistrate Judge Want was correct to dismiss it.

With respect to Plaintiff's state law claims, this Court declines to exercise supplemental jurisdiction as all the federal claims have been dismissed.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiff's state law claims are therefore dismissed without prejudice.  *See Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) ("[T]he district court was correct not only in dismissing the state law causes of action, but also in dismissing them without prejudice.").

The Court has thoroughly reviewed the record and has determined that there are no clear errors in Magistrate Judge Wang's R&R.  The absence of clear error ends the inquiry.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiff's federal claims are DISMISSED with prejudice.  Plaintiff's state law clams are DISMISSED without prejudice.  The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note the mailing on the docket.  The Clerk of Court is further respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Dated:   September 30, 2020
         New York, New York

_____
VALERIE CAPRONI
United States District Judge